## FAILURE OF BEQUEST INTENDED AS A CHARITABLE TRUST.

Circuit Court of Cuyahoga County.

CLAUDIA MORRIS COLLINGS v. FRANK E. DAVIS.*

Decided, June 2, 1911.

*Wills—Devnse of Income on a Specified Sum to Worthy Poor Held Incapable of Execution—Charitable Trusts.*

A clause in a will providing, "the surplus money he (the executor) shall apply at the rate of $10 a month during the winter months, to buy flour and coal for worthy poor," where said surplus money amounts to $18,000, is incapable of execution, invalid and insufficient to create a charitable trust.

*Laubscher & Kees,* for plaintiff in error.
*C. W. Swartzel,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the court of common pleas.

This was an action to construe a will containing the following provision:

"The surplus money he (the executor) shall apply at the rate of $10 a month during the winter months to buy flour and coal for worthy poor."

The surplus money mentioned amounts to $18,000.

The common pleas court held that this clause of the will creates a legal charitable trust to be administered by the executor, as trustee, who is vested with power to apply, distribute and disburse the fund, and incidental authority to select from the class named, to-wit: "worthy poor," the particular objects or individual beneficiaries of the testatrix's bounty.

We think this judgment was erroneous.

This clause of the will is incapable of execution. It clearly means that the executor is to expend $30 or $40 each year in

_____

*Affirmed without opinion, *Davis, Executor,* v. *Collings,* 87 Ohio State, 504.

buying flour and coal for the worthy poor; the suggestion that
he is to give $10 to each poor person he selects is not sustained
by any reading of the plain terms of the will.

Now, the interest on $18,000 at 4 per cent. is $720, so that
this fund, after paying out $40, would accumulate at the rate
of $680 a year, and yet the plain language of the will is that
the principal of the fund shall be expended for the benefit of
the worthy poor.                                      .

It is clear the testatrix had no idea that the "surplus" of her
estate would be so large. She doubtless thought a few hundred
dollars would be left which the executor could spend in the
manner mentioned, within a very few years, if not in *one winter*.
The direction to expend the principal of the fund does not war-
rant the creation by construction, of a perpetual and increasing
charitable fund, to be administered at the insignificant rate of
$40 per year for all time to come.

The two thoughts are contradictory, and so, as said, the will
is incapble of execution.

There are other reasons why this clause of the will is in-
valid; the beneficiaries are not restricted to any locality, but
embrace the whole world. The executor might very reasonably
take the fund and depart with it to China, there to expend it
at the rate of $10 per month, during the winter months, if they
have any winter there, for the benefit of the worthy poor of
China, who exist, we are told, in millions.

On this point, as well as upon the proposition contended for
by counsel for plaintiff in error, that the will gives no power to
the executor to select beneficiaries (which we think is well taken),
see authorities cited in his brief.

There are cases both ways upon these points, and counsel for
the executor has marshalled the authorities sustaining his
views of the will in an exceedingly able brief, but our views
of the peculiar and ambiguous wording of this particular will
preclude our reaching any other conclusion than that the terms
of this will can not possibly be carried out.

As there are no disputed questions of fact in the case, it fol-
lows not only that the judgment of the common pleas court

should be reversed, but that judgment should here be entered in favor of the heir at law.

Judgment reversed and judgment for plaintiff in error.